## SKIPPER v. BAER et al.

No. 18851. Opinion Filed May 21, 1929.

R. W. Skipper, for plaintiff in error.

Claud Briggs, for defendants in error.

BENNETT, C. Fred L. Baer and Bernice M. Baer brought suit in district court of Latimer county, Okla., against R. W. Skipper and numerous others in case No. 2382, and by their petition alleged that they were the owners and entitled to the immediate possession of the north half of the northeast quarter of section 31; north half of the northwest quarter of the northwest quarter and southwest quarter of the northwest quarter of the northwest quarter and the northwest quarter of the southwest quarter of the northwest quarter of section 32, all in township 5 north range 19 east, and that on or about the 10th of June, 1923, plaintiffs were induced, by false and fraudulent statements of R. W. Skipper, to execute a deed of conveyance to Robert J. Blakeney and Thomas G. Ballentine, two of the defendants, and that each of the defendants, other than Skipper, claimed some interest in or title to the property adverse to plaintiffs and had executed and delivered deeds or conveyances covering said land which had been placed of record in the office of the county clerk of Latimer county, which instrument constituted clouds upon the title. The various instruments alleged to be involved are separately described in the petition, the dates of said instruments and the place where recorded, and the names of the grantors and grantees are fully disclosed.

The Baers alleged that said instruments are without binding force and effect and constitute clouds upon their title, and they ask that the said instruments be canceled and their title freed from the effect of same. As a further cause of action they allege that R. W. Skipper was guilty of fraud in the procurement of the deed of conveyance hereinbefore first set out, and that the said Baers have been put to certain expense of time and money and have been damaged by the fraudulent acts of said last-named defendant by reason of the depreciation of the value of lands, incurring of costs, attorneys fees, etc., and plaintiffs pray judgment against him for damages.

No summons was issued in the cause, but each and all of the defendants were served or attempted to be served by publication based upon affidavit therefor alleging that all the defendants were nonresidents of the state of Oklahoma, and that their residences and places of business were unknown to plaintiff.

No appearance being made by any of the defendants, judgment was rendered as upon default July 27, 1925, against all the defendants and in favor of plaintiff declaring the said Fred L. Baer and Bernice M. Baer the owners of said real estate, canceling the deed of conveyance made by them to Robert J. Blakeney and Thomas G. Ballentine, and canceling each and all of the instruments of title alleged in the petition to constitute clouds on the title to said real estate. Each of said instruments was separately described substantially as-it was described in the petition. In addition to canceling these conveyances a personal judgment was entered against R. W. Skipper, Robert J. Blakeney, and Thomas G. Ballentine in the sum of $1,050, together with all costs.

This judgment was filed July 28, 1925. Thereafter, to wit, on the 25th of August, 1926, this proceeding at bar was instituted by the filing in the office of the court clerk of said county a special appearance and motion to quash and vacate the judgment rendered in said cause in so far as it applied to or affected the defendant, R. W. Skipper. The duly verified motion to vacate alleged that the court had no jurisdiction, and that the purported constructive service

of summons as to movant was void for the reason that the movant was and had been at all times a bona fide resident of the state of Oklahoma; that movant was a man of family and had for years resided at 1548 South Yorktown avenue, in the city of Tulsa, Okla., and that prior thereto he had been a bona fide resident for 18 years in the city of McAlester, Okla., from which place he removed to Tulsa, and that movant and his wife and three children had maintained their residence at the places named for many years, and that he had at no time sought to avoid service of process, and at no time had concealed himself or his whereabouts for any purpose or upon any account, and that he had no actual or constructive notice of the commencement of the action until April 29, 1926, which was long after the entry of judgment against him sought to be vacated. There were attached to the motion affidavits supporting the facts contained in the motion to quash and vacate the judgment, and there was no opposing evidence.

On April 26, 1927, the court overruled the motion to vacate from which this appeal is prosecuted by R. W. Skipper alone.

It would seem too clear for argument, or to require the citation of authorities, that the judgment for the recovery of money against R. W. Skipper is absolutely void. The only service attempted to be made was a service by publication based upon the affidavit that he was a nonresident, and it also appears in the judgment sought to be vacated that the summons was served by publication. Defendants in error contend that at least a part of the judgment against Skipper is valid, and further that if such part were sought to be vacated, the movant should have moved to reopen the judgment and to be allowed to make defense, and that he should have offered to pay costs and set up a meritorious defense. Several authorities to sustain his contentions are cited, but they are not here in point.

We have read carefully the petition in the cause to determine just what relief was sought against movant, R. W. Skipper, and we are convinced that the only relief sought against him in said action by Fred L. and Bernice M. Baer was a personal judgment, since Skipper was not a party to any of the various instruments sought to be canceled, and since the allegations with respect to him are substantially those only incident to an action of tort. But since the movant sets out on page 4 of his reply brief a statement to the effect that the sole purpose of his original motion was to vacate the money judgment only rendered against him, it is not necessary for us to base our conclusion upon the finding that no relief was sought against Mr. Skipper which could be granted on service by publication. It is sufficient for our holding here to say that the money judgment in favor of Fred L. Baer and Bernice M. Baer and against said Skipper herein referred to is clearly void and rendered without jurisdiction of the person of the said judgment defendant, and that the same should be canceled and vacated.

For the reasons stated, the judgment of the trial court is reversed, and the case is remanded, with directions that the said personal judgment for $1,050, in so far as it affects R. W. Skipper, be vacated.

DIFFENDAFFER, HERR, JEFFREY, and HALL, Commissioners, concur.

By the Court: It is so ordered.